WILLIAM BENEDICT, Appellant, *v.* ISAIAH CALKINS, Respondent.

*Contract for the purchase of land — one assuming liabilities while in possession under it cannot repudiate them after obtaining the legal title, nor can his assignee with notice.*

Van Wert and Niver being the owners of a farm, the title to which was taken in the name of Niver, Van Wert, with the consent of Niver, made a written contract to sell the land to one Bogart, who paid a part of the purchase-price and went into possession of; the farm. While thus in possession Bogart verbally sold a right of way, or private road, over the land to Benedict, the plaintiff, who worked and used the same. Thereafter, upon the application of Benedict and Bogart, this road was laid out by the highway commissioners as a private road under the statute. The contract for the purchase of the land was subsequently assigned by Bogart to Calkins, the defendant, who knew of the agreement with Benedict, and was allowed $100 on the purchase-price by reason thereof. Calkins having paid to Van Wert the balance due on the contract received a deed from Niver.

*Held,* that in this action, brought to obtain a perpetual injunction restraining the defendant from interfering with the road, the plaintiff was entitled to a judgment for the relief sought.

*Smith* v. *Ferris* (6 Hun, 553) distinguished.

Appeal from a judgment dismissing the plaintiff's complaint, entered at the Sullivan circuit, upon the trial of this action by the court without a jury.

*Alpheus Potts,* for the appellant.

*T. A. Niver,* for the respondent.

Learned, P. J.:

Van Wert and Niver owned the lan , the title for convenience being in Niver. Van Wert made a written contract (evidently with the consent of Niver) with Bogart to sell him the land at a certain price. Bogart paid part and went into possession. Under well settled rules, therefore, Bogart was to be regarded in equity as

the owner of the land, and Van Wert and Niver as mortgagees for the unpaid balance. Being thus in possession, Bogart, in consideration of twenty dollars paid him by Benedict, the plaintiff, verbally sold to Benedict the right of way, or private road, over the land. Benedict went into possession of the use of this private road and worked it. Benedict and Bogart united in an application to the highway commissioners, under the statute, to lay out this private road. This application is signed by both of these parties, and states that twenty dollars have been paid by Benedict to Bogart therefor, and it states where the road is to run ; and the usual proceedings were thereupon had and the road laid out.

Whether, at this time, Bogart was such an owner of the land that these proceedings were valid under the statute, we need not decide. They were enough, taken in connection with the contract between Bogart and Benedict, the payment of the price, and the taking possession by Benedict, to give Benedict a right to this road as against Bogart. This was conceded by defendant's counsel on the argument, and is conceded in the opinion of the learned court. Bogart then assigned his contract with Van Wert to the defendant Calkins. Calkins had knowledge, at the time, of Bogart's agreement with Benedict, as above stated, and Calkins was allowed by Bogart $100 on the purchase-price, in consideration of this right of way of Benedict. As the assignee of Bogart, and especially as an assignee with actual knowledge of Benedict's claim, Calkins took the contract, subject to the rights which Bogart had sold to Benedict. He was as much bound to Benedict in respect to rights in the land as Bogart had been ; and still less could he resist Benedict's claim when he had received $100 in consideration of its existence.

Calkins then paid up to Van Wert the balance due on the contract, and received a deed from Niver, with Van Wert's consent. This changed the equitable estate, which he had previously had, to a legal estate. But it did not permit him to violate any equitable liability under which he had come to Benedict. He was in privity with Bogart when he took Bogart's contract by assignment. That contract was not forfeited, but was fulfilled by his payment of the balance and acceptance of the deed. If we recur to the equitable view of the parties, Calkins, before he took the deed, was the equitable owner, and Van Wert and Niver, equitably, were the

mortgagees for the balance. When he paid the balance he satisfied the mortgage and freed his estate from the lien. But that act did not authorize him to repudiate any obligations which he had accepted or assumed as to the land.

We may illustrate this view by supposing that Bogart had sold verbally a piece of the land to Benedict; that Benedict had paid the price and gone into possession; that then Bogart had assigned the contract with Van Wert and Niver to the defendant, who had taken it with knowledge of Benedict's claim, and to whom Bogart had made an allowance on the price in consideration of such claim. Would there be any doubt that, in those circumstances, the defendant upon receiving a deed under his contract, would have been obliged to recognize Benedict's rights?

The defendant insists that the principle of equity which enforces unwritten agreements in these cases applies only to executory, and not to executed agreements. But this cannot be a sound distinction. One who pays the price and takes possession under an unwritten agreement is in as good a position as one who agrees thereafter to pay and takes possession. The defendant, also, insists that the plaintiff should have asked for a conveyance of the right of way, not for an injunction as to interfering with it. That may be a good suggestion. But as the parties have appeared and litigated, the court can easily give the remedy which the defendant says should have been asked. The plaintiff on a trial can have such relief as he may be entitled to. One who has a contract for the purchase of land, and who is in possession and who then enters into, or assumes, liabilities in respect to the land towards some other person, cannot repudiate those liabilities after he has obtained the legal title by virtue of his contract of purchase. Of course, if the contract of purchase were actually forfeited and the persons having the legal title should then convey to some one who did not claim under the contract, the case would be different. Another question would then arise which is not now before us, and which we need not decide.

The case of *Smith* v. *Ferris* (6 Hun, 553), does not affect this case. In that case the person having the legal title had retaken the land from the person who had a contract. He then contended that a highway laid out under statutory proceedings, in which only the

persons holding the contract had released damages, was not a valid highway against him. Now it is not contended in this case that, as against Van Wert and Niver, if they should lawfully annul their contract with Bogart, his acts would be binding. But these acts are binding against Bogart and those claiming under him, and Calkins, when he took his deed from Niver (with Van Wert's consent), claimed under Bogart, and was in privity with him. His only right to a deed was under Bogart's contract, as assignee thereof.

The judgment should be reversed and judgment rendered for the plaintiff for the relief demanded, with costs of appeal and of case.

LANDON and WILLIAMS, JJ., concurred.

Judgment reversed, and judgment rendered for plaintiff for relief demanded in complaint, with costs of appeals and of case.